Mark R. Bailey, OSB No. 94529
Attorney at Law
294 Warner Milne Rd.
Oregon City, OR 97045
Tel: (503) 655-3032
Fax: (503) 650-0367
Email: markbaileylaw@gmail.com
Attorney for Defendant Minhthy Nguyen

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                      )<br>                      PLAINTIFF,  )<br>                                       )<br>            vs.                  )<br>                                     )<br>MINHTHY NGOC NGUYEN,  )<br>                     DEFENDANT.  ) | **Case No. CR 11-202-2MO**<br><br>**REQUEST FOR PRETRIAL DISCOVERY** |

Defendant, Minhthy Ngoc Nguyen, by and through her attorney of record, Mark R. Bailey, does hereby request that the United States Attorney disclose, produce, and make available for examination and copying by defense counsel or his agents the following items, whether currently in the possession, custody, control, or knowledge of the *United States Attorney,* the agents or representatives of the United States Attorney, and/or any law enforcement agent, or which by the exercise of due diligence may become known to the attorneys for the government.

Page 1 -- REQUEST FOR PRETRIAL DISCOVERY

**General Requests for Discovery:**

1. All state or federal reports relating to the circumstances of any search involving the defendant or his property, each co-defendant and his property, or any other search related to this case, listing the items seized and the information obtained as a result of these searches. This information is necessary to enable the defendant to prepare motions to suppress evidence. Rule 16(a)(1), 12(b)(4)(B), and 41(h).

2. All written or recorded statements of the defendant and any co-defendant (including but not limited to grand jury testimony, telephone calls, depositions, etc.); see Rule 16(a)(1)(B); *United States v. Alex,* 788 F. Supp. 1013, 1016 (N.D. Ill. 1992) (where government "offered no compelling explanation" for non-disclosure of statements of co-defendant, court exercises discretion to order disclosure).

3. Any Oregon Department of Human Services (DHS) records referring to Minhthy Nguyen or any of her children (Khoa Tran and or Khoung Tran), in the Government's possession or police officer's possession, including but not limited to official and unofficial notes relating to said records which any government agent or police officer may have made.

4. Any and all correspondence between the Multnomah County District Attorney's Office, Oregon DHS, and any police officer or federal agent working on this case, or the US Atty.'s office, including but not limited to notes of phone calls and/or messages which refer to or reference Minhthy Nguyen or any of her children (Khoa Tran and or Khoung Tran).

5. The substance of all oral statements of the defendant and any co-defendant to any government agent; *United States v. Alex,* 788 F. Supp. 1013, 1016 (N.D. Ill. 1992);

U*nited States v. Camargo-Vergara*, 57 F.3d 993, 998-999 (11th Cir. 1995) (reversible error to fail to disclose defendant's post-arrest statement where defense strategy affected).

6. Any agent's underlying rough notes of the statements requested in items 2 and 3 above. See *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (rough notes of interviews, especially with the accused, are discoverable and must be preserved); *United States v. Layton*, 564 F. Supp. 1391, 1395 (D. Or. 1983) (court exercises discretion under Rule 16 to order disclosure of notes of interview with defendant). This request includes all entries in officers' field notebooks or equivalent.

7. A copy of the defendant and co-defendant's record of prior convictions and FBI rap sheet. Rule 16(a)(1)(D); see *United States v. Audelo-Sanchez*, 923 F.2d 129, 130 (9th Cir. 1990). Both national and local criminal records should be searched. See *United States. Perdomo,* 929 F.2d 967 (3rd Cir. 1991).

8. All books, papers, documents, tangible objects, photographs, buildings or places, which are "material to preparing the defense." Rule16 (a)(1)(E)(i).

9. All items in request 6 above which were "obtained from" the defendant. Rule16 (a)(1)(E)(iii).

10. Any evidence, including but not limited to the items in request 6 above, that is "intended for use by the government" as evidence in its case in chief. Rule16(a)(1)(E); see Rule 12(b)(4)(B); *United States v. de la Cruz-Paulino,* 61 F.3d 986, 992-995 (1st Cir. 1995) (government's failure to designate evidence was violation of former Rule 12(d)(2) "which creates a notice requirement").

11. Any and all results or reports of physical or mental examinations and of scientific

tests or experiments, including but not limited to, chemical analysis, fingerprints, voice prints, and handwriting. Rule 16(a)(1)(F).

12. A written summary of all expert-witness testimony the Government intends to offer in its case-in-chief, whether or not the expert has prepared a written report, describing "the witnesses' opinions, the bases and reasons therefore, and the witnesses' qualifications." Rule 16(a)(1)(G); *United States v. Richmond,* 153 F.R.D. 7 (D. Mass. 1994) (disclosure of existing summaries of experts must occur "forthwith"; others no later than 45 days before trial); *United States v. Barrett,* 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given the defense to check the findings and conclusions of the government's experts"); *United States v. Edwardo-Franco,* 885 F.2d 1002, 1009 (2d Cir. 1989) (defendants could not hire their own expert "until they were informed of the adverse report of the Government's expert").

13. A description of any prior conviction or prior "similar act" the Government will seek to use at trial, whether during the case in chief, for impeachment, or for possible rebuttal. Fed.R.Evid. 404(b) (requiring "reasonable notice in advance of trial…of the general nature of any such evidence"); Advisory Committee Notes to 1991 Amendments (noting court can exclude evidence if prosecution fails to comply with pre-trial notice requirement of Rule).

14. A statement that the personnel files of each law enforcement agent who will testify in the case have been examined. The Assistant U.S. Attorney should direct that such files be examined for evidence of any allegations that any officer has ever made a false statement or has a reputation for dishonesty. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *Kyles v. Whitley,* 514 U.S. 419, 437 (1995) ("prosecutor

personally has a duty to learn of any favorable evidence known to others acting on the government's behalf"); see *United States v. Calise,* 996 F.2d 1019, 1021 (9th Cir. 1993) (error not to disclose magistrate's characterization of agent's testimony as "absolutely incredible" which was in personnel file); see *United States v. Kiszewski,* 877 F.2d 210, 216 (2d Cir. 1989) (court must conduct in camera review of agent's personnel file to determine if impeachment matter [allegations that agent accepted bribes] should be disclosed).

15. Reports and records relating to any eavesdropping, wiretapping, or electronic recording of any kind relating to this case. See 18 U.S.C.§ 2511 *et. seq.*

16. All notes or other writings or documents used by a prospective government witness before the grand jury. *United States v. Wallace,* 848 F.2d 1464, 1470 (9th Cir. 1988).

17. The names and addresses of all percipient witnesses interviewed by the government whom the government does not intend to call at the trial. *United States v. Cadet,* 727 F.2d 1453, 1469 (9th Cir. 1984).

18. The arrest and conviction record of each prospective government witness. *United States v. Strifler,* 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed even if contained in witness's probation file); *Perkins v. Le Febre,* 691 F.2d 616 (2d Cir. 1982); *United States v. Auten,* 632 F.2d 478, 481-82 (5th Cir. 1980). The government is required to search both national and local criminal record files. See *United States v. Perdomo,* 929 F.2d 967 (3rd Cir. 1991).

19. Any evidence that a criminal case has recently been dismissed against any prospective government witness. See *Untied States v. Smith,* 77 F.3d 511 (D.C. Cir. 1996) (dismissal of two felony cases pending against prosecution witness was

material to impeachment and should have been disclosed pursuant to Brady); *United States v. Anderson,* 881 F.2d 1128, 1138-39 (D.C. Cir. 1989).

20. Any evidence that any prospective government witness has any criminal charge pending against him. *United States v. Fried,* 486 F.2d 201 (2d Cir. 1973); *United States v. Maynard,* 476 F.2d 1170, 1174 (D.C. Cir.1973) (pending indictment relevant to bias and motive of witness).

21. Any evidence that any prospective government witness is under investigation by federal or state authorities. *Untied States v. Chitty,* 760 F.2d 425, 428 (2d Cir. 1985).

22. Reports, records, or memoranda of federal or state agencies which describe, refer to, or otherwise comment upon their relationship with any informant involved in this case.

23. Any evidence of express or <u>implicit</u> understandings, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or his agent. See *Giglio v. United States,* 405 U.S. 150 (1972) (agreement not to prosecute); *United States v. Shaffer,* 789 F.2d 682, 689 (9th Cir. 1986) (monies paid for ongoing undercover cooperation in another case); *United States v. Butler,* 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *United States v. Edwardo-Franco,* 885 F.2d 1002, 1010 (2d Cir. 1989) (earnings of informant in past cases "highly relevant to the question of potential bias and interest"); *United States v. Partin,* 493 F.2d 750, 759 (5th Cir. 1974) ("protective" custody status, per diem and special privileges); *Brown v. Wainwright,* 785 F.2d 1457, 1465 (11th Cir. 1986) (implicit understanding must be disclosed even if no "promise" and even if

conditional); *United States v. Boyd,* 55 F.3d 239 (7th Cir. 1995) (reversible error not to disclose favors to cooperating witnesses including use of illegal drugs, regular unsupervised access to female visitors which facilitated sex and drugs in U.S. Attorney's office, and gifts of money, beer cigarettes, etc.).

24. Any evidence that any prospective witness has applied to, or requested from, the government any consideration or benefit including but not limited to any plea bargain, dismissal of any charge, sentence reduction or early parole, whether or not the government agreed to such a request, *Reutter v. Solem,* 888 F.2d 578, 581 (8th Cir. 1989); *Brown v. Dugger,* 831 F.2d 1547, 1558 (11th Cir. 1987).

25. Any evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *Untied States v. Kojayan,* 8 F.3d 1315 (9th Cir. 1993) (conviction reversed and case remanded to consider dismissal as sanction for government's failure to disclose deal between witness and government, which witness government chose not to call at trial); *Haber v. Wainwright,* 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government "advice" to witness must be disclosed); *Compbell v. Reed,* 594 F.2d 4, 7 (4th Cir. 1979) (agreement between the prosecutor and the witness' attorney, where witness was informed that "everything would be all right", must be disclosed); *DuBose v. Lefeure,* 619 F.2d 973, 978-79 (2d Cir. 1980) (prosecutor's statement to the witness that he "would do the right thing" must be disclosed to the defense even if the witness is unaware of its exact meaning).

26. The full scope of any witness' past cooperation with the government, including but not limited to all motions, benefits, and promises received in exchange for

cooperation, the full extent of the witness' assets, and the status of the witness' present and past income tax liability. *United States v. Shaffer,* 789 F.2d 682, 688-89 and n. 7 (9th Cir. 1988); United *States v. Edwardo-Franco,* 855 F.2d 1002, 1010 (2nd Cir. 1989) (evidence of past services highly relevant to bias and interest.

27. All statements of any prospective witness relevant to his testimony or relevant to impeachment or bias. See *Kyles v. Whitley,* 514 U.S. 419 (1995) (reversible error not to disclose evidence of misidentification by crucial witness); *United States v. Brumel-Alvarez,* 991 F.2d 1452 (9th Cir. 1992) (informant's recantation of earlier statement to D.E.A had to be disclosed as Jencks Act as it bore on credibility); *United States v. Tincher,* 907 F.2d 600 (6th Cir. 1990) reversible error for prosecutor to withhold grand jury testimony of witness that could contradict his trial testimony).

28. Any evidence that any prospective witness has made an inconsistent statement to the government or any of its agents with respect to his or her proposed testimony. See *Kyles v. Whitley,* 514 U.S. 419, 437 (1995) (reversible error not to disclose evidence of misidentification by crucial witness); *United States v. Cuffie*, 80 F.3d 514 (D.C. Cir. 1996) (reversible error not to disclose evidence that prosecution witness had lied under oath in a previous court proceeding involving same drug conspiracy); *Untied States v. Isgro,* 974 F.2d 1091 (9th Cir. 1992) (although dismissal of indictment was not warranted, the court found gross misconduct where prosecutor failed to disclose prior grand jury testimony of witness which was inconsistent with his trial testimony); *McDowell v. Dixon,* 858 F. 2d 945, 949 (4th Cir. 1988) (reversible error to withhold victim's prior inconsistent statement to police about description of attacker).

29. Any evidence that any prospective government witness has made a statement

inconsistent with or contradictory to any statement by any other person whether or not a prospective witness. See *United States v. Minskey,* 963 F.2d 870, 874-77 (6th Cir. 1992) (witness' statement to FBI contradicted by third party); *Hudson v. Blackburn,* 601 F.2d 785, 789 (5th Cir. 1979) (statement of police officer refuting witness' statement that he identified defendant at lineup); *United States v. Hibler,* 463 F.2d 455, 460 (9th Cir. 1972) (statement of police casting doubt on story of witness); *Hudson v. Whitley,* 979 F.2d 1058, 1064 (5th Cir. 1992) (statement of witness identifying another person as killer); *United States v. Galvis-Valderamma,* 841 F.Supp. 600 (D.N.J. 1994) (new trial granted where statements made by arresting office to FBI agent that bag of heroin found in car not in plain view should have been disclosed).

30. Any evidence that any government witness has threatened another government witness in an attempt to influence his testimony. *United States v. O'Conner,* 64 F.3d 355, 359 (8th Cir. 1995).

31. Any evidence that a witness has engaged in crimes, even though he has not been convicted of those crimes. See *United States v. Osorio,* 929 F.2d 753, 761 (1st Cir. 1991) (prosecutor "using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment information requested regarding the witness"); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (admission of witness to prosecutor that he engaged in several crimes should have been disclosed); *United States v. Boffa,* 513 F. Supp. 444 (D.Del. 1980) (prior bad acts of witness discoverable); *United States v. Burnside,* 824 F. Supp. 1215 (N.D. Ill. 1993) (reversible error not to disclose ongoing illegal drug use by cooperating witnesses).

32. Any evidence that any prospective government witness has ever made any false statement to law enforcement authorities. *Untied States v. Benal-Obeso,* 989 F.2d 331, 336-7 (9th Cir. 1993) (informant's lie to DEA about his criminal record); *United States v. Brumel-Alvarez,* 991 F.2d 1452 (9th Cir. 1992) (DEA agent's opinion of informant credibility); *United States v. Stifler,* 851 F.2d 1197, 1202 (9th Cir. 1988) (probation file listing instances of the witness lying to authorities); *United States v. Minsky,* 963 F.2d 870, 875 (6th Cir. 1992) (error not to disclose witness' false statements to FBI).

33. Any evidence that any witness has a tendency to lie or exaggerate his testimony. *United States v. Brunel_Alvarez,* 991 F.2d 1452 (9th Cir. 1992) (DEA agents' negative view of informant's credibility); *United States v. Strifler,* 851 F.2d 1197, 1202 (9th Cir. 1988) (must disclose probation file of witness showing tendency to lie or over-compensate).

34. Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to his testimony or any time prior to testifying in court. See *United States v. Butler,* 481 F.2d 531, 534-535 (D.C. Cir. 1973) (drug use impairs memory judgment and credibility); *United States v. Burnside,* 824 F. Supp. 1215, 1265-66 (N.D. Ill. 1993) (reversible error to fail to disclose witnesses drug use because illegal drug use by cooperating witnesses was relevant to the witnesses' abilities to recollect and relate events and "clear inducements from which a fact-finder could infer witnesses wanted to stay on government prosecutor's good side").

35. Any medical, psychological, or psychiatric evidence tending to show that any

prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired. See *United States v. Lindstrom,* 698 F.2d 1154, 1163-68 (11th Cir. 1983) (psychiatric records relevant to credibility); *Chavis v. North Carolina,* 637 F.2d 213, 224 (4th Cir. 1980) (psychiatric records reflecting on the competency or credibility of witness); *United v. Butler,* 481 F.2d 531, 534-535 (D.C. Cir. 1993) (drug use); *United States v. McFarland,* 371 F.2d 701, 705 (2nd Cir. 1966) (prior hospitalizations of witness for mental illness); *Powell v. Wiman,* 287 F.2d 275, 279 (5th Cir. 1961) (same).

36. Any evidence that a prospective government witness is biased or prejudiced against the defendant or has a motive to lie, exaggerate, falsify or distort his testimony. See *United States v. Stifler,* 851 F.2d 1197, 1202 (9th Cir. 1988) (motive to inform discoverable).

37. Any impeaching or bad character evidence relating to any informant, *United States v. Bernal-Obeso,* 989 F.2d 331, 335 (9th Cir. 1993) ("it is essential that relevant evidence bearing on the credibility of an informant-witness be timely revealed to … defense counsel").

38. Any evidence that a prospective government witness has not passed a polygraph examination or had inconclusive results. *Carter v. Fafferty,* 826 F.2d 1299, 1305 (3rd Cir. 1987); *United States v. Lynn,* 856 F.2d 430, 432-33 (1st Cir. 1988)

39. Any evidence that someone other than the defendant committed, or was ever suspected of committing, the crime charged. *Brady v. Maryland,* 373 U.S. 83 (1963) (statement of accomplice that he, not defendant, did actual shooting); *United States v. Crosby,* 75 F.3d 1343, 1346 (9th Cir. 1996) reversible error to not admit evidence that

person other than defendant was the guilty party); *United States v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991) ("[a] defendant is entitled to introduce evidence which tends to prove someone else committed the crime"); *Banks v. Reynolds,* 54 F.3d 1508 (10th Cir. 1995) (reversible error not to disclose to defense that another person had been arrested for same crime); *Smith v. Secretary of New Mexico Dept. of Corrections,* 50 F.3d 801, 834 (10th Cir. 1995) (defendant denied fair trial by failure to disclose police reports, physical evidence, and witness statements pointed to a different murder suspect).

40. Any evidence that the government or any of its agents has ever viewed a prospective government witness as not truthful, *United States v. Brumel-Alvarez,* 991 F.2d 1452 (9th Cir. 1992).

41. The name of any person, whether or not he will be a witness, who could not identify the defendant or was unsure of his identity or his participation in the crime charged, and the content of any such statement. See *Kyles v. Whitley,* 514 U.C. 419, 437 (1995) (reversible error not to disclose evidence of misidentification by crucial witness).

42. Any physical evidence tending to exculpate the defendant in whole or in part, tending to mitigate punishment, or tending to impeach a government witness. See *Miller v. Pate,* 386 U.S. 1(1967) (reversible error not to disclose evidence that clothing was covered with paint, not blood); *United States v. Wood,* 57 F.3d 733 (9th Cir. 1995) (government had duty to disclose results of company research which would have been useful in impeaching government witnesses); see also *United States v. Weintraub,* 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to

disclose testimony of co-conspirator which lessened amount of drugs attributable to the defendant).

43. Any evidence mitigating the punishment of the defendant, whether or not the sentence is pursuant to the guidelines. *Brady v. Maryland,* 373 U.S. 83 (1963) (accomplice statement that he, not defendant, was actual shooter mitigates punishment of defendant).

44. The commencement and termination date of the grand jury that indicted the defendant. *In Re Grand Jury Investigation,* 903 F.2d 180 (3d Cir. 1990).

45. The number (not names) of grand jurors attending each session of the grand jury and the number of grand jurors (not names) voting to indict. See *United States v. Leverage Funding Systems, Inc.,* 637 F.2d 645 (9th Cir. 1980) (prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors voted to indict").

46. The name of every prospective government witness to be called at trial. See *Arizona v. Manypenny,* 672 F.2d 761, 765 (9th Cir. 1982) (court has inherent authority to order discovery of names of witnesses); *United States v. Armstrong,* 621 F.2d 951, 955 (9th Cir. 1980) (same); *United States v. Tucker,* 716 F.2d 576, 583 (9th Cir. 1983) (ineffective assistance of counsel to fail to interview government witnesses before trial).

**The Prosecutor Has a Duty of Inquiry**

The prosecutor is requested to personally make specific inquiry of each government agent and agency in any way connected to the case for each of the above items, even if the agent or agency is outside the District of Oregon. *Kyles v. Whitley,* 514

U.C. 419, 437 (1995) ("the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police"); *United States v. Alvarez,* 86 F.3d 901 (9th Cir. 1996) ("the better proactive is for the prosecutor herself to review [surveillance notes for Brady Materials]"); *United States v. Wood,* 57 F.3d 733, 737 (9th Cir. 1995) (prosecutor has duty to consult with FDA for Brady material, the agency charged with administration of the statute); *United States v. Hanna,* 55 F.3d 1456 (9th Cir. 1995) (prosecutor "has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police"); *United States v. Bryan,* 868 F.2d 1032, 1036-37 (9th Cir. 1989) (prosecutor deemed to have knowledge of, and access to, anything in possession, custody or control of any federal agency evidence if outside district of prosecution); *United States v. Santiago,* 46 F.3d 885, 893-894 (9th Cir. 1995) (government has access to Bureau of Prisons files on inmates.).

See also *Demjanjuk v. Petrovsky,* 10 F.3d 338, 353 (6th Cir. 1993) (in not disclosing exculpatory evidence, government perpetrated fraud on the court by taking attitude that "the right had did not know what the left hand was doing"); United *States v. Osorio,* 929 F.2d 753 (1st Cir. 1991) ("the prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government"); *United States v. Perdomo,* 929 F.2d 967, 969-971 (3rd Cir. 1991) (U.S. attorney responsible for locating criminal record in local jurisdiction as well as NCIC records); *United States v. Endicott,* 869 F.2d 452, 455-56 (9th Cir. 1989) (knowledge of additional payments to witness imputed to prosecutor); *United States v. Butler,* 567 F.2d 885, 891 (9th Cir. 1978) (prosecutor responsible for promise by agent even if prosecutor

Page 14 -- REQUEST FOR PRETRIAL DISCOVERY

did not know of it); *United States v. Brooks,* 966 F.2d 1500 (D.C. Cir. 1992) (prosecutor must search police files for information affecting credibility of police officer who was key witness); *United States v. Auten,* 632 F.2d 478, 481 (5th Cir. 1980) (information in files of federal agency is deemed in possession of prosecutor); *United States v. Jackson,* 780 F.2d 1305, 1308 n. 2 (7th Cir. 1986) (FBI's knowledge attributable to prosecutor); *Barbee v. Warden,* 331 F.2d 842, 846 (4th Cir. 1964) ( exculpatory ballistics report known only to police deemed in possession of prosecutor); *United States v. McCord,* 509 F.2d 334, 342 n. 14 (D.C. Cir. 1974) (en banc) ("prosecutor" includes "all agencies of the Federal Government involved in any way" in the case).

**The Prosecutor Has a Duty of Continuing Discovery**

The government has a continuing duty to disclose the foregoing evidence as soon as the government or any of its agents discovers its existence.  See *Maooney v. Holohan,* 294 U.S. 103, 108 (1935) (prosecutor must disclose that witness had committed perjury even when he first learns this at trial); *United States v. Chestang,* 849 F.2d 528, 532 (11th Cir. 1988) (continuing duty to disclose breached when prosecutor did not disclose fact that witness would soon accept immunity offer); Rule 16(c).

The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust  respecting its duty to disclose arguable favorable evidence. *United States v. McClintock,* 748 F.2d 1278, 1285 (9th Cir. 1984).  Any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." *United States v. Ramirez,* 608 F.2d 1261, 1265 n. 6 (9th Cir. 1979); *United States v. Agurs,* 427 U.S. 97, 108 (1976).

Disclosure is required even if, in the government's view, the evidence is not admissible at trial. *Spence v. Johnson,* 80 F.3d 989, 998 (5th Cir. 1996).  Should the

government have a good faith doubt whether evidence should be disclosed, he is required to ask the court for an in camera review. *United States v. Scafe,* 822 F.2d 928, 936 (10th Cir. 1987) (good faith belief that defendant's statements not discoverable does not excuse failure to disclose); *United States v. Lehman,* 756 F.2d 725, 729 (9th Cir. 1985) (prosecution must either disclose the material or submit it to the court).

RESPECTFULLY SUBMITTED this 27th day of July 2011.

/s/ MARK BAILEY
MARK R. BAILEY, OSB 945295
Attorney for Defendant Minhthy Nguyen