S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**JENNIFER MARTIN, OSB #84285**
Jennifer.Martin@usdoj.gov
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:11-CR-00202-3-MO |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| **MINHTHY NGOC NGUYEN,** | |
| Defendant. | Sentencing Date: April 25, 2013 at 10:00 a.m. |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, through Jennifer J. Martin, Assistant United States Attorney, respectfully submits the following information for the Court's consideration regarding imposition of sentence in the above-captioned matter on April 25, 2013.

# Table of Contents

I.  GOVERNMENT'S RECOMMENDATION ............................................................................. 2
    A.  **Government's Sentencing Recommendation on Count 1**.............................. 2
    B.  **Government's Sentencing Recommendation on Count 6**.............................. 2
II. GUIDELINE CALCULATIONS .............................................................................................. 3
    A.  **Relevant Conduct for Count 1** ................................................................................. 3
    B.  **Relevant Conduct for Count 6** ................................................................................. 4
    C.  **Maintaining Premises for the Purpose of Manufacturing Marijuana** ......................... 4
    D.  **Safety Valve** .............................................................................................................. 4
    E.  **Minor Role in Counts 1 and 6** ................................................................................. 4
    F.  **Acceptance** ................................................................................................................ 5

G. **Government's Motion for Departure** ............................................................................... 5
H. **Defendant's Motion for Departure** .................................................................................. 5
I. **Defendant's Criminal History** ......................................................................................... 5
J. **Fine** ................................................................................................................................. 5
K. **Forfeiture** ........................................................................................................................ 6
L. **Restitution** ...................................................................................................................... 6
III. **FACTUAL BACKGROUND** ............................................................................................. 8
IV. **CONCLUSION AND RECOMMENDATION** ................................................................ 12

### I. GOVERNMENT'S RECOMMENDATION

#### A. Government's Sentencing Recommendation on Count 1

Based upon this sentencing memorandum and other materials provided to the court, the government recommends the court find that the total offense level for Count 1 is level 11, CH I with a range of 8-14 months. Consistent with the terms of the plea agreement, the government recommends that the court impose a prison sentence of 8 months on Count 1 of the Second Superseding Indictment, Conspiracy to Manufacture and Distribute more than 100 Marijuana Plants in violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(B)(vii), and 846. The government further recommends the court impose a four year period of supervised release, a fine of $2,000 and a $100 fee assessment.

#### B. Government's Sentencing Recommendation on Count 6

The government recommends the court impose a prison sentence of 3 months on Count 6 of the Second Superseding Indictment, Conspiracy to Commit Wire Fraud in violation of Title 18, United States Code, Sections 1343 and 1349 to run concurrent with the sentence imposed in Count 1. The government further recommends the court impose four year period of supervised release, and a $100 fee assessment.

Although the court may not impose a probationary sentence in this case as the conviction offenses are a Class A felony and a Class B felony, the court may impose concurrent sentences of imprisonment that include terms of supervised release with a condition that substitutes community conferment or home detention, provided that at least one month is satisfied by imprisonment. U.S.S.G. §5B1.1(b)(1). Defendant Minhthy Ngoc Nguyen was in custody between June 26, 2011 when she and co-defendant Tran were arrested at the Canadian border and her initial appearance on July 11, 2011.

## II.  GUIDELINE CALCULATIONS

On November 27, 2012, defendant Minhthy Ngoc Nguyen pleaded guilty to Count 1, Conspiracy to Manufacture and Distribute more than 1000 Marijuana Plants and Count 6, Conspiracy to Commit Wire Fraud as charged in the Second Superseding Indictment. A Preliminary Order of Forfeiture was filed the same day.

### A.  Relevant Conduct for Count 1

The plea agreement notes in paragraph 10, that the parties agree that defendant's relevant conduct for Count 1, pursuant to U.S.S.G. § 2D1.1 is more than 400 but less than 600 marijuana plants, resulting in an offense level of 20, prior to adjustments. This relevant conduct reflects the marijuana plants and processed marijuana at Rocky Butte. The Probation Officer included the marijuana plants seized at the Bella Vista residence as well, and calculated the relevant conduct at offense level 22.

### B. Relevant Conduct for Count 6

The parties agreed that the relevant conduct for Count 6, Conspiracy to Commit Wire Fraud is 7, prior to adjustment.

Application Note 3(E)(iii) to U.S.S.G.§ 2B1.1 states: "…in the case of a fraud involving a mortgage loan, if the collateral has not been disposed of by the time of sentencing, use the fair market value of the collateral as of the date on which the guilt of the defendant was been established…" The current unpaid principle balance on the loan is $341,112.83. In co-defendant Tran's sentencing, this court found that the fair market value of the collateral exceeded the amount of the unpaid principal of the loan, and found there was no loss. The court should apply the same calculation in this case.

### C. Maintaining Premises for the Purpose of Manufacturing Marijuana

Consistent with the terms of the plea agreement, the government contends the court should apply a two-level upward departure under U.S.S.G. § 2D1.1(b)(12) on Count 1 for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. The Presentence Report includes this upward departure.

### D. Safety Valve

The government agrees that defendant Minhthy Ngoc Nguyen met the disclosure requirement for the application of safety valve relief.

### E. Minor Role in Counts 1 and 6

The parties and the Probation Officer agree that a minor role adjustment is appropriate in this case for defendant Minhthy Ngoc Nguyen. The Probation Officer agrees with this calculation.

**Government's Sentencing Memorandum** **Page 4**

### F. Acceptance

The government recommends the court grant the two level departure for acceptance of responsibility under U.S.S.G. §3E1.1(a). The government moves the court to grant an additional one level departure for acceptance of responsibility under U.S.S.G. §3E1.1(b).

### G. Government's Motion for Departure

Pursuant to the terms of the plea agreement, the government moves for a four level departure for defendant Minhthy Ngoc Nguyen under in 18 U.S.C. § 3553 (a) and under U.S.S.G. §5K1.1

### H. Defendant's Motion for Departure

Pursuant to the terms of the plea agreement, defendant may seek a downward departure, adjustment or variance to advisory sentencing guideline range 11, CH I, with a sentencing range of 8-12 months, under the advisory guidelines and/or the sentencing factors listed in 18 U.S.C. § 3553 (a). The government will advise the court of its position on any such motion after reviewing the legal and factual basis proposed for any such motion.

### I. Defendant's Criminal History

Defendant has no prior criminal history, and the Presentence Report correctly scores her criminal history category as I. Defendant concurs with this characterization.

### J. Fine

Defendant has been gainfully employed in the past and has not provided a financial report to Probation Officer. PSR ¶78. Defendant has had the benefit of retained counsel. The fine range for Advisory Guideline Range for Offense level 11 is $2,000 - $20,000. Pursuant to the terms of the plea agreement, the government agreed to recommend a low-end of the range fine.

The Probation Officer recommends that the court not impose a fine.

### K. Forfeiture

On November 27, 2012, defendant Minhthy Ngoc Nguyen pled guilty to Counts 1 and 6 of the Second Superseding Indictment. The government respectfully requests the court make an oral pronouncement of the forfeiture during the sentencing hearing by stating that "the defendant shall forfeit all real property and assets listed in the Preliminary Order of Forfeiture entered in this case."

### L. Restitution

The Ninth Circuit has developed guidelines for calculating the restitution amount in cases involving a defendant's fraudulent scheme to obtain secured real estate loans from lenders using the framework in 18 U.S.C. §3663(a)(b). Generally, district courts calculating a direct lender's loss determine the unpaid principal balance on the fraudulent loan, less the value of the real property collateral as of the date the direct lender took control of the property. *United States. v. Yeung*, 672 F.3d 594, 601 (9th Cir. 2012).

Under this analysis, a lender generally takes control on the date that the lender either (1) receives the net proceeds from the sale of the collateral to a third party at the foreclosure sale, or (2) takes title to the real estate collateral at the foreclosure sale. Although the real property has been posted for seizure by the government, and is the subject of a pending criminal and civil forfeiture, it is not yet in the possession of the lender or the government. The defendant and co-defendants continue to reside in the residence at Rocky Butte.

The unpaid principal balance on the fraudulent loan is now $341,112.73. The court entered a preliminary restitution finding in co-defendant Tran's case, setting a date for further proceeding on restitution.

This court should also consider how much of this financial responsibility should be imposed on defendant Minhthy Ngoc Nguyen. Under the provisions of 18 U.S.C. §3664, if the court finds that more than one defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

Defendant Minhthy Ngoc Nguyen is less culpable than co-defendant Tran. She assisted co-defendant Tran by enlisting her brothers to pose as the straw purchasers. She also passed messages and documents between co- defendant Tran and her brothers. Defendant and co-defendants Kiet Anh Nguyen and Huy Anh Nguyen have lived in the Rocky Butte residence since they were indicted in this case. They have not paid property taxes on the residence since it was purchased. They have made no mortgage payments since December 2012. Although co-conspirator Kiet Anh Nguyen provided credible information to the court about his unsuccessful efforts to obtain refinancing, the defendant and co-defendants have had the benefit of living without expense in the residence purchased with the fraudulent loan for well over a year. The government suggests that the court apportion liability by imposing restitution in the amount of $50,000, as a joint and several liability obligation with co-defendant Tu Ngoc Tran. This figure approximates the payments that were not made on the loan for the residence between January 2012 and April 2013, during the time the defendant had the full use of the residence.

### III. FACTUAL BACKGROUND

This case arises out of defendant's participation in a conspiracy to illegally cultivate and distribute large quantities of marijuana, and her assistance in the efforts to disguise the co-defendants' purchase and ownership of residences used in the manufacture and distribution of marijuana, by enlisting her brothers to act as a straw purchaser.

In late 2010, law enforcement officers from the Multnomah County Sheriff's Office Special Investigations Unit (SIU) and the Clark Skamania Task Force (CSTF) in the Western District of Washington received an anonymous letter describing how co-defendant Tu Ngoc Tran and his associates grew and sold marijuana in five locations, while shielding themselves behind state medical marijuana laws. The anonymous letter noted that co-defendant Tran bought the Rocky Butte property and a property on Bella Vista using Kiet Nguyen and Huy Anh Nguyen's names, and that co-defendant Tran used both properties to grow marijuana.

The officers began an investigation that led to the execution of three search warrants at locations on December 21, 2010, and a fourth search warrant on January 3, 2011.

The first search warrant was executed at co-defendant Tu Ngoc Tran's residence at 2915 NE Rocky Butte Road, Portland, Oregon, referred to herein as "Rocky Butte." At Rocky Butte, co-defendant Tran operated a large indoor marijuana grow with over 50 pounds of dried marijuana and more than 220 marijuana plants, together with evidence of prior cultivation and construction in progress for more grow rooms.

Co-defendant Tran said he had a medical marijuana card to grow marijuana, and that he was a caregiver for 10 patients. Co-defendant Tran claimed that these patients gave him donations for the marijuana he provided, and that was how he paid his bills. An Oregon Medical Marijuana Program (hereinafter OMMP) representative advised Deputy Zwick that co-defendant

**Government's Sentencing Memorandum**                                                                           **Page 8**

Tran was registered as an OMMP patient and grower for himself only at a different address, and that he was not a caregiver for anyone else. The OMMP representative also confirmed that Rocky Butte was not registered as OMMP marijuana grow site.

Portland Police Detective Phil Maynard reviewed a packet seized from the marijuana growing room that contained ten copies of expired OMMP applications, dated in March or April of 2010. One of the expired applications was for defendant Minhthy Ngoc Nguyen and two others were for co-defendants Tu Ngoc Tran and Huy Anh Nguyen, Each of the three expired applications listed the individual defendant as an OMMP patient, and a marijuana grower for self, with the marijuana grow site listed as 1030 NE 102 Avenue, Apt. 18, Portland, Oregon. Investigators later confirmed there was no marijuana grow site at that location, although it was a former residence used by the defendants and their family.

The other seven copies of expired OMMP patient applications did not list defendant Minhthy Ngoc Nguyen, or co-defendants Tu Ngoc Tran or Huy Anh Nguyen as caregivers or growers. Co-defendant Tran could not name any of the seven individuals listed on the OMMP patient applications, stating, "I don't know who they are." He refused to tell law enforcement officers where he got the copies of the OMMP applications.

Defendant Minhthy Ngoc Nguyen initially told investigators that she did not know there was marijuana growing in the residence. She claimed she thought that the odor was incense. She later said that she had an OMMP medical marijuana card and that she used to use marijuana in tea in the mornings for headaches, but that she had not done so in a long time because of her job.

The second location the officers searched was the residence on NE Pacific Street that co-defendant Huy Anh Nguyen and co-conspirator Kiet Anh Nguyen shared with their parents at

**Government's Sentencing Memorandum**                                                                 **Page 9**

17717 NE Pacific Street, Portland, Oregon, referred to herein as "Pacific." Co-defendant Huy Anh Nguyen maintained a marijuana grow with 69 marijuana plants in the basement, where he lived. It was not registered with the OMMP as a marijuana grow site. Law enforcement officers found evidence of prior marijuana cultivation, and connections to the Rocky Butte grow site.

In co-defendant Huy Anh Nguyen's marijuana grow room officers found a packet of expired medical marijuana applications that were virtually identical to those found at Rocky Butte. Co-defendant Huy Anh Nguyen told officers that he did not know the people in the expired applications, and that co-defendant Tu Tran just gave him the package and told him that now he could grow for all of those people.

Co-defendant Huy Anh Nguyen told officers in this initial interview that he helped co-defendant Tran with the grow at Rocky Butte, and that his fingerprints would be on the equipment there. Defendant Huy Anh Nguyen said that co-defendant Tu Ngoc Tran told him there was a marijuana grow at the Bella Vista residence, and said that he had been to the Bella Vista residence, but said that he did not help set up the marijuana grow at Bella Vista.

Co-defendant Huy Anh Nguyen admitted that co-defendant Tu Ngoc Nguyen and defendant Minhthy Ngoc Nguyen asked him and his brother Kiet Anh Nguyen to buy the Rocky Butte residence. He admitted in his initial interview to law enforcement officers that co-defendant Tu Ngoc Nguyen and defendant Minhthy Ngoc Nguyen paid the mortgage on the residence every month

Officers also searched 14119 SE Bella Vista Circle, Vancouver, Washington, referred to herein as "Bella Vista" on December 21, 2010. Bella Vista is owned by defendant Minhthy Ngoc Nguyen, and was used by members of the conspiracy as a staged indoor marijuana grow house for approximately 200 marijuana plants. The residence was not habitable; it had no

furnace, and few residential furnishings. The financial investigation in this case revealed that the money used to purchase the Bella Vista lots was probably drug proceeds provided by co-defendant Tu Ngoc Tran.

On January 3, 2012, law enforcement officers executed a search warrant at Tien Tran Si Vy's residence at 922 NE 176th Avenue, Portland, Oregon.  There, they found a completely dismantled grow in two rooms of the residence, with no marijuana plants.  However, there were ten lights, ten ballasts, two large filters, fans, and other items consistent with the marijuana grow equipment found at the other three locations.  Neither the government nor the Presentence Report includes relevant conduct from this location.

In the financial investigation, investigators confirmed that defendant Minhthy Ngoc Nguyen and co-defendant Tu Ngoc Tran persuaded co-defendants Huy Anh Nguyen and Kiet Anh Nguyen to be straw buyers for a fraudulent loan to purchase Rocky Butte.

On December 31, 2009, co-defendants Huy Anh Nguyen and Kiet Anh Nguyen signed the final real estate documents which contained materially false statements, for the loan from the Academy Mortgage Corporation.  Academy Mortgage Corporation sent the interstate wire to fund the $346,859.86 loan to purchase Rocky Butte the same day.

Thereafter, co-defendant Tu Ngoc Tran and defendant Minhthy Ngoc Nguyen made monthly payments in cash at bank branches. Shortly after purchasing the Rocky Butte residence, co-defendant Tu Ngoc Tran began altering the residence and growing marijuana.

Defendant Minhthy Ngoc Nguyen was arrested following the execution of the search warrants on December 21, 2010.

Defendant Minhthy Ngoc Nguyen and co-defendants Huy Anh Nguyen, and Kiet Anh Nguyen resided at the Rocky Butte residence following their arrest.   According to co-defendant

Kiet Anh Nguyen and a representative of Academy Mortgage, they made the mortgage payments of approximately $2,000 a month on the residence until December, 2011. After that date, the unpaid Multnomah County property taxes for the residence were added to the amount due each month, increasing the payment to $3,000. The three defendants engaged in unsuccessful efforts to refinance the payments. They have made no payments since January of 2012, and continue living in the residence.

IV.     **CONCLUSION AND RECOMMENDATION**

   For the reasons set forth above and in the additional sentencing materials provided to the court, the government recommends that the court impose a prison sentence of 8 months on Count 1 of the Second Superseding Indictment, Conspiracy to Manufacture and Distribute more than 100 Marijuana Plants in violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(B)(vii), and 846. The government recommends the court impose a concurrent prison sentence of 3 months on Count 6 of the Second Superseding Indictment, Conspiracy to Commit Wire Fraud in violation of Title 18, United States Code, Sections 1343 and 1349.

   The government recommends the court impose a three year period of supervised release, a fine of $2,000 and a $100 fee assessment on each count. The government asks the court to make an oral pronouncement of the forfeiture entered in this case.

   The court should impose restitution for the loss to Academy Mortgage Company. The government asks the court to impose restitution in the amount of $50,000 in this case, and further requests that such restitution be joint and several with the co-defendants.

Under the facts in this case, the recommended sentence will promote respect for the law and provide just punishment for this offense. Such a sentence would recognize defendant's lesser role in this offense. It would provide adequate deterrence to criminal conduct, protect the public and provide the defendant with an opportunity for educational or vocational training, medical care, or other correctional treatment. The imposition of an appropriate restitution order of at least $50,000, would recognize the harm done to the victim by the defendant's conduct. Such as sentence satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

DATED this 17th day of April, 2013.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*s/ Jennifer J. Martin*
JENNIFER J. MARTIN, OSB #84285
Assistant United States Attorney